## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHELLIE LEWIS, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  21 C 2124 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| VILLAGE OF ALSIP, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant's motion to dismiss the Amended Complaint is granted for the reasons explained below.

## BACKGROUND

This is a putative class action in which plaintiff, Shellie Lewis, a resident of the Village of Alsip, Illinois ("Alsip"), alleges that Alsip violated her Fourteenth Amendment right to procedural due process.  On January 31, 2021, Lewis found on her car's windshield a ticket Alsip issued for violating § 19-91 of its Code of Ordinances (the "Code").  The relevant portions of that ordinance state as follows:

Snow routes; parking restricted.

It shall be unlawful to park any motor vehicle on a public street designated as a snow route as listed below:

(a) Primary snow route. It shall be unlawful to park any vehicle on primary snow routes in the village at any time within 12 hours after a snowfall of one inch or more has occurred. Appropriate signs shall be erected to inform the public of primary routes.

(b) Secondary snow route. It shall be unlawful to park any vehicle on secondary snow routes in the village at any time within 24 hours after a snowfall of three inches or more has occurred. Secondary snow routes are defined as all other public streets not designated as primary snow routes.

Alsip, Ill. Code § 19-91(a), (b).  Under § 19-91.1 of the Code, any person convicted of a violation of § 19-91 "shall . . . be fined not less than $25.00 and not more than $250.00 for each offense." Alsip, Ill. Code § 19-91.1.

Lewis owns a car that she regularly parks on Alsip's public streets.  Some time prior to January 30, 2021, Lewis had parked her car near 12536 South Central Park Avenue.  There were no signs posted restricting her ability to park there.  Lewis found her ticket in the snow on her windshield.  On February 17, 2021, an Alsip administrative hearing officer found Lewis liable for violating § 19-91 and imposed a $50.00 fine, which Lewis paid that day.  At the time of plaintiff's hearing, there were dozens of others present who had hearings at the same time for tickets that were issued to them for violating the same ordinance.  Before the hearings began, the hearing officer spoke to everyone in attendance and told them that the lack of street signage regarding secondary-snow-route parking restrictions was not a valid basis to contest the ticket, and that because the snow-route laws were posted on Alsip's website, "the burden was on them to know" that no parking was permitted on the street at the time they received the tickets.  (ECF No. 3, Am. Compl. ¶ 14.)  Because of these remarks, Lewis did not argue when she appeared before the hearing officer that there had been no signage and thus a lack of fair notice; instead, she merely protested that the only place she could park was on the street and that it was unfair to have been ticketed.

Lewis alleges that Alsip does not post signs to inform people about the secondary-snow-route parking restrictions and that the issuance of tickets for violating § 19-91 violates the due process rights of plaintiff and all others who are similarly situated, because such tickets are issued without "fair and proper notice" of the parking restrictions.  (*Id.* ¶ 24.)  She seeks to represent a class of "[a]ll persons who, during the Class Period, have been ticketed and/or fined pursuant to §§ 19-91 and 19[-]91.1 of the Village's Code of Ordinances."[1]  (*Id.* ¶ 18.)  Lewis seeks (1) a declaration that Alsip's policy of issuing tickets for violation of § 19-91 without fair notice violates the Due Process Clause; (2) preliminary and permanent injunctions barring Alsip from enforcing the ordinance against plaintiff and others without providing fair notice in accord with the requirements of due process; (3) nominal and compensatory damages; and (4) reasonable attorneys' fees and costs.

Alsip moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

For purposes of a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts, and draws all reasonable inferences in the plaintiff's favor.  *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016).  To survive a Rule 12(b)(6) motion, a complaint must comply with Rule 8 by containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1]     The term "Class Period" is not defined in the Amended Complaint.

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"The cornerstone of due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner." *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 (7th Cir. 2019) (internal punctuation and citation omitted). To state a claim for a Fourteenth Amendment procedural due process violation, a plaintiff must allege (1) deprivation of a protected property interest and (2) insufficient procedural protections surrounding that deprivation. *Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018). Alsip does not dispute that the assessment of a fine is a deprivation of a protected property interest, but it contends that plaintiff has pleaded facts indicating that she was afforded sufficient procedural protections surrounding the deprivation, namely, that she received a ticket on her windshield and a hearing at which she had the opportunity to present a defense to a hearing officer.

In response, plaintiff asserts that she is not challenging the notice or adequacy of the hearing she was provided and that Alsip fails to "address [her] actual claim," which is that she "was wrongly issued the parking ticket in the first place due to the Village's systemic failure to provide fair notice to individuals that certain streets in the Village are 'no parking' zones." (ECF No. 13, Pl.'s Resp. at 3-4.) Alsip's motion, however, does address plaintiff's actual claim, which, in plaintiff's words, is that Alsip fails to "give reasonable advance notice in the form of signage to its citizens." (*Id.* at 4-5.) Indeed, Alsip expressly states in its motion that plaintiff's "only contention is that the lack of street signage" violated her due process rights. (ECF No. 10, Def.'s Mot. at 5.) The problem, says Alsip, is that the alleged lack of signage is not connected to a deprivation of property. The Court agrees. Plaintiff's claim is premised on her allegedly wrongful receipt of a parking ticket, but the receipt of a ticket did not constitute a deprivation of property. The Seventh Circuit's discussion in *Tucker* is instructive:

> [Plaintiff] does not dispute that she received a hearing, in which she was represented by counsel, presented evidence in her defense, and made legal arguments. On its face, such a hearing embodies the fundamental requirement of due process. Recognizing this, [plaintiff] frames her claim as a *prehearing* denial of due process." Yet this theory suffers from a fundamental flaw: the city did not deprive [plaintiff] of anything until the December 29, 2015 hearing in front of the administrative law judge. Before then, the city had simply issued her a citation. Only at the hearing did the administrative law judge consider the parties' evidence, adjudicate the city's allegation, and impose a fine. A plaintiff cannot be deprived of property without due process of law before that plaintiff is deprived of property. *See DeHart v. Town of Austin*, 39 F.3d 718, 724 (7th Cir. 1994) (due process claim held premature because no deprivation had occurred yet); *see also Lawshe v. Simpson*, 16 F.3d 1475, 1478-80 (7th Cir. 1994) (due process claim accrues upon actual deprivation not notice of threatened deprivation).

907 F.3d at 492 (some citations and some internal punctuation omitted). Lewis's theory suffers from the same fundamental flaw. While Alsip cites and discusses *Tucker* in its motion, plaintiff

3

fails to address that decision, and she sidesteps the issue of identifying the alleged deprivation of property.

Plaintiff contends that her claim "arises under what has been called 'the doctrine of fair notice,'" under which government entities must "take measures that are reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action to be taken against them." (Pl.'s Resp. at 4 (internal punctuation omitted).) In support of this argument, plaintiff cites two Supreme Court decisions, *Jones v. Flowers*, 547 U.S. 220 (2006), and *Lambert v. California*, 355 U.S. 225 (1957), which are inapposite. In *Jones*, the Court held that principles of due process required a state to have taken additional steps to notify a property owner of an impending tax sale and opportunity to redeem the property after certified letters to the property owner were returned as undeliverable. As Alsip points out in its reply brief, the issue in *Jones* was the adequacy of pre-deprivation notice, not the plaintiff's awareness of his legal obligation to pay taxes. Here, plaintiff does not challenge the adequacy of the notice of the hearing on her ticket; rather, she claims that she was entitled to signs setting out the laws themselves. In *Lambert*, the Court invalidated as violative of due process a city ordinance that made it a criminal offense for a felon to reside there without having registered with the police within a short period of time. The Court reasoned that the law punished "wholly passive" conduct—mere presence in the city—that an average community member would not realize was illegal. 355 U.S. at 228-29. The instant case does not involve passive conduct, nor can it be said that the populace is unaware of the existence of parking laws or snow-route parking restrictions (particularly in the Chicago area). Furthermore, the Supreme Court itself has characterized *Lambert* as having "limited" application. *See Texaco, Inc. v. Short*, 454 U.S. 516, 537 n.33 (1982); *see also United States v. Mitchell*, 209 F.3d 319, 323 (4th Cir. 2000) ("*Lambert*'s reach has been exceedingly limited."); *United States v. Hancock*, 231 F.3d 557, 563-64 (9th Cir. 2000) (characterizing *Lambert* as a "narrow" exception to the rule that "ignorance of the law is no excuse"); *United States v. Meade*, 175 F.3d 215, 225-26 (1st Cir. 1999) "[A]ny attempt to introduce *Lambert* into new environs must be viewed with great circumspection."); *United States v. Dimitrov*, 546 F.3d 409, 414 (7th Cir. 2008) (*Lambert* "is the only Supreme Court case to recognize a 'mistake of law' defense."). In any event, neither *Jones* nor *Lambert* supports plaintiff's expansive interpretation of due process protections, and plaintiff cites no authority for the proposition that she is constitutionally entitled not only to reasonable notice of a citation hearing and an opportunity to be heard, but also to notice of parking regulations in the particular format of street signage that marks secondary snow routes.

Because plaintiff fails to state a procedural due process claim, the Court will dismiss the amended complaint. In light of the Court's conclusion with respect to Alsip's first argument, it need not reach Alsip's arguments regarding the doctrines of abstention and res judicata.

## CONCLUSION

Defendant's motion to dismiss the Amended Complaint [10] is granted, and the Amended Complaint is dismissed without prejudice. Plaintiff is given until August 13, 2021 to file a second amended complaint to the extent she is able to do so in accordance with Federal Rule of Civil Procedure 11.

**DATE:**  July 27, 2021

Hon. Ronald A. Guzmán
United States District Judge